# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRY LITTLE, | ) | CASE NO. 1:12-CV-145 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| TIMOTHY BRUNSMAN | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on the objections (Doc. No. 17) filed by petitioner Terry Little ("Little") to the Report and Recommendation ("R&R") of Magistrate Judge George J. Limbert (Doc. No. 12), recommending that the Court dismiss with prejudice Little's petition for the writ of habeas corpus. Respondent filed neither objections to the R&R nor any opposition to petitioner's objections. The matter is ripe for determination.

## I.  Factual and Procedural History

The Ninth District Court of Appeals set forth the relevant facts of this case on direct appeal:

> On the evening of July 30, 2007, Little entered a McDonald's restaurant on Oberlin Road and shot the victim in this case, Lewis Turner, in the back with a .380 caliber semiautomatic pistol. Little then fled McDonald's on foot and crossed over to the adjacent parking lot. Turner followed and a fray ensued. Little ultimately shot Turner twice with a .22 caliber semi-automatic pistol. Thereafter, Little took Turner's cell phone and the two firearms and ran. He discarded his hooded sweatshirt in a nearby dumpster and the firearms in the bushes of a nearby residence. Turner died in the parking lot as a result of his gunshot wounds.

While patrolling the area shortly after the shooting, Officer Orlando Perez saw an individual who matched the description one witness gave of a man who had fled the scene. Officer Perez identified the man as Little and arrested him as the result of an active warrant. In searching Little incident to the arrest, Officer Perez discovered a bag of crack cocaine. Other officers later discovered the sweatshirt and firearms that Little discarded after fleeing the scene. Little ultimately admitted that he shot Turner in McDonald's because Turner had assaulted him a year earlier in relation to a drug transaction between the two of them.

*State v. Little*, No. 10CA009758, 2011 WL 597994, at *1 (Ohio Ct. App. Feb. 22, 2011).

The R&R details the procedural history of this case, which the Court hereby adopts and summarizes. In July 2007, a grand jury in Lorain County, Ohio, indicted Little for one count of aggravated murder, one count of felonious assault, both with a firearm specification, one count of tampering with evidence with two firearm specifications, one count of having a weapon while under disability, one count of receiving stolen property with a firearm specification, and two counts of murder, both with a firearm specification.[1] (R&R at 1195-96.) A jury convicted Little of each and every count. (*Id*. at 1196.)

On direct appeal to the Ninth District Court of Appeals, Little raised three assignments of error: (1) the trial court failed to instruct the jury on self-defense, (2) the trial court failed to instruct the jury on voluntary and involuntary manslaughter, and (3) his convictions were against the sufficiency and manifest weight of the evidence. The appellate court affirmed the convictions. (R&R at 1197.)

In the Ohio Supreme Court, Little filed a *pro se* notice of appeal and motion for leave to file a delayed appeal. The court dismissed the appeal as not involving any substantial

---

[1] In a supplemental indictment, Little was charged with one count of murder with a firearm specification, supplanting one of the previous murder charges, which was dismissed at trial.

2

constitutional question. (R&R at 1197-98.)

While his appeal was pending before the Ohio Supreme Court, Little filed a petition to vacate or set aside the judgment of conviction, which was denied and not further appealed. (R&R at 1198.) Also while his Ohio Supreme Court appeal was pending, Little filed a motion for reconsideration in the state trial court and an application to reopen his direct appeal in the Ninth District Court of Appeals, both of which were denied, as well as two applications to reopen his appeal in the Ninth District, which were stricken as untimely filed. (*Id*. at 1198-99.)

Upon dismissal of his appeal by the Ohio Supreme Court, Little filed a petition for writ of habeas corpus in this Court. In his petition, Little raised five grounds for relief. According to the R&R, none of these grounds merit habeas relief.

**II.  Standard of Review**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall

specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When addressing the merits of any ground for relief, the Court must be mindful of the terms of AEDPA, which provide in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, -- U.S. --, 131 S. Ct. 770, 786, 1778 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from

[the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

In addition, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant [for a writ of habeas corpus] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Analysis

The Court shall address each of petitioner's grounds for relief.

#### A.  Grounds One and Two

GROUND ONE:[2] In this case, Mr. Little established the three elements required by Robbins. The evidence showed that Mr. Little entered the restaurant and shot Mr. Turner one time in the shoulder. Mr. Little then fled the restaurant. At that point, the "affray" started by Mr. Little was over. Mr. Little could have stayed in the restaurant and engaged Mr. Turner in further battle. But he left the restaurant, and left Mr. Turner inside the restaurant with a non-fatal wound to his shoulder. Mr. Turner left the restaurant and attacked Mr. Little as he was going for his car. Mr. Little testified that when he exited, he saw Turner was six feet away from him, he pleaded with Mr. Turner not to hurt him. Mr. Turner attacked Mr. Little by grabbing him and placing him in a headlock. The gun Mr. Little had fell out of his pocket. At that point, Mr. Little began to fear for his life because he was defenseless against a possible two people. Mr. Little testified that he saw Mr. Turner pull a gun out of his pocket. Little was able to knock the gun out of Turner's hand. As he did so, Mr. Turner picked Mr. Little's gun up and tried firing at Mr. Little, simultaneously Mr. Little picked up Mr. Turner's and fired simultaneously but fired twice in self-defense. The evidence established two separate incidents. The first took place inside the restaurant and involved Mr. Little committing felonious assault on Mr. Turner. Mr. Little cannot, and does not, claim self-defense as to that incident. In the parking lot, Mr. Little was attacked by a man wielding a deadly weapon. Mr. Little was unarmed and could not retreat because Mr. Turner held him in a headlock with excruciating force. Mr. Little's actions in the parking lot [were] done nonetheless in self-defense.

---

[2] For ease of reading, the Court presents petitioner's grounds for relief with proper capitalization.

And by the trial court refusing to instruct the jury on self-defense deprived Little of his life and liberty by sentencing him to a life sentence according to the Fifth Amendment to the United States Constitution.

GROUND TWO: Mr. Little testified that Mr. Turner violently attacked him approximately one year prior to this incident in question. Detective testified Mr. Turner was known for going around the city duct taping people for money. Little became a victim of Turners [sic] crime spree. Mr. Little testified he shot Turner to harm him, "and let him feel what I felt for the past year." Little's testimony established he was subjectively under the influence of a sudden fit of rage when he saw Mr. Turner at the restaurant, after harming Turner in the restaurant Mr. Little had no more intentions but to leave. Turner attacked Little outside the restaurant creating an offense of violence that he himself provoked. Little produced this evidence, the state failed to produce evidence disputing this fact. The trial court denied Little's equal protection of the laws by refusing to instruct the jury on the lesser included offenses of voluntary manslaughter and involuntary manslaughter according to the Fourteenth Amendment section 1 of the United States Constitution.

(Petition, Doc. No. 1 at 7-10.)

The R&R recommended that Grounds One and Two be dismissed because Little did not fairly present these claims as constitutional claims to the state courts in the manner required by law. (R&R at 1213-14.) According to the R&R, the state appellate court analyzed both Ground One and Ground Two as matters of pure state law, and Little did not allege cause or prejudice for failing to present these constitutional claims in state court.

As to the involuntary manslaughter jury instruction argument raised in Ground Two, the R&R concluded that the state court rejected this argument on procedural grounds, thus barring habeas review. In presenting the involuntary manslaughter jury instruction claim to the state appellate court, Little did not comply with Rule 16(A) of the Ohio Rules of Appellate Procedure, an adequate and independent state ground to foreclose federal habeas relief. (R&R at 1213.) Finally, the R&R noted that Grounds One and Two lacked merit. (*Id*. at 1214.)

Petitioner does not dispute the R&R's conclusion that Grounds One and Two are

procedurally defaulted. (Objections, Doc. No. 17 at 1242.) Instead, petitioner articulates cause and prejudice both for presenting his jury instruction arguments as state, not constitutional, claims and for procedurally defaulting on his involuntary manslaughter jury instruction argument. He states that he received ineffective assistance of appellate counsel in raising these issues on appeal to the Ninth District Court of Appeals, and was thereby denied a fair trial. (*Id.* at 1242-44.) Further, he claims that the State of Ohio waived the "assessment of a procedural default" as to Ground One by failing to raise it in the return of writ. (*Id.* at 1242.)

Because petitioner has not objected to the R&R's determination that Grounds One and Two are procedurally defaulted, the Court does not revisit these conclusions here and accepts the R&R's determination of procedural default. When, as here,[3] petitioner cannot pursue his constitutional claims any further in state court, petitioner may not obtain federal habeas review unless he can demonstrate cause and prejudice for the default. *Gray v. Netherland*, 518 U.S. 152, 161-62, 126 S. Ct. 2074, 135 L. Ed. 2d 457 (1996) (citations and quotations omitted). The Court shall therefore address whether petitioner has provided cause and prejudice for the default.

For purposes of habeas relief, "cause" requires more than "the mere proffer of an excuse." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). Ineffective assistance of appellate counsel can serve as cause for a procedural default. *Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006) (quotation omitted). A petitioner citing ineffective assistance of appellate counsel as cause for default must show that counsel performed deficiently and that counsel's deficient

---

[3] When a petitioner could have, but did not, bring a claim on direct review in the Ohio courts, the claim is thereafter barred on state collateral review on res judicata grounds. *Lundgren v. Mitchell*, 440 F.3d 754, 765 n.2 (6th Cir. 2006). With the exception of Ground Three, Little did not raise any constitutional claims in his appeal to the Ninth District and such claims are now barred in the state courts.

performance prejudiced the defense. *Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

In addition to showing prejudice under the *Strickland* standard, petitioner must show that the procedural default itself prejudiced him. Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension. *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994) (citing *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)).

Absent cause and prejudice, the petitioner may overcome procedural default only by demonstrating that a miscarriage of justice will result from refusing to consider the defaulted claims. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren*, 440 F.3d at 764 (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).

Petitioner has not demonstrated cause and prejudice for the procedural default. He states that he received ineffective assistance of appellate counsel, who presented Grounds One and Two to the Ninth District Court of Appeals as claims of pure state law. He provides no support and no context for this claim. He does not allege that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment, nor does he show that counsel's performance prejudiced his defense. *See Joseph*, 469 F.3d at 459 (citing *Strickland*, 466 U.S. at 687). Little does not explain how or even allege that the results of the proceedings would have been different had counsel presented the jury instruction arguments as constitutional claims to the state courts. Nor does he show how the results of the proceedings

would have been different had counsel developed the involuntary manslaughter jury instruction argument on appeal. Accordingly, Little has not shown that he received ineffective assistance of appellate counsel under the *Strickland* standard, and therefore cannot show cause and prejudice for his procedural default. While Little makes oblique references to a miscarriage of justice, he provides no basis upon which to conclude that he is actually innocent under that standard.

As to petitioner's objection that the state waived procedural default, the Sixth Circuit has stated that, though not obligated to raise the issue sua sponte, courts may consider procedural default even when raised for the first time on appeal. *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005); *see also Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (courts "are not required to review the merits of defaulted claims simply because the [g]overnment has failed to raise the issue"). The Sixth Circuit has stated that the "main concern with raising procedural default sua sponte is that a petitioner not be disadvantaged without having had an opportunity to respond." *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005) (citation omitted). Here, petitioner has had an opportunity to respond to procedural default in his objections.

Little's objections relative to Grounds One and Two are overruled.

## B.  Ground Three

GROUND THREE: The verdicts are against the sufficiency and manifest weight of the evidence and should be reserved because they violate the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and article 1, section 10 of the Constitution of the State of Ohio. The fact raised by the state did not appear probable, because the conviction on the aggravated murder charges and the other two murder charges rested only on [an] erroneous jury instruction given by the trial judge. The elements presented by the state [were] not supported by [their] [witnesses'] testimony. Majority of the [state's witnesses'] testimony supported the Little's arguments, of a lesser included offense of voluntary manslaughter and involuntary manslaughter. The manager of McDonald's Mrs. Traci Nelson testified that she saw two people throwing punches which supports this issue, there was fear involved in this incident. The trial court committed plain error

violating Little's constitutional rights depriving him of life and liberty with the miscarriage of justice with the conviction of the murder charges. According to the 5th 6th and 14th Amendments.

(Petition at 12-13.)

The R&R concluded that "to the extent [Ground Three] is predicated upon a manifest weight of the evidence claim, [it] is non-cognizable, and to the extent it is predicated upon a challenge to the sufficiency of the evidence adduced at trial, [it] has no merit." (R&R at 1219.)

Petitioner does not appear to object to the R&R's conclusion that Ground Three is non-cognizable as it relates to the manifest weight of the evidence claim, and the Court accepts the R&R's conclusion on this point. (*See* Objections at 1248.) As to the sufficiency of the evidence claim, petitioner offers muddled objections. Because a fight between Little and the victim preceded the fatal shooting, Little asserts that the prior calculation element of the aggravated murder offense is absent. (*Id*. at 1247-48.) He also states that the Ohio appellate court based its decision on the appellee brief, not the record. (*Id*. at 1247.) Finally, he claims that the aggravated murder charges denied him due process rights, and he is entitled to a new trial on the other two murder charges. (*Id*. at 1248-49.) Petitioner's objections are not objections, but merely restate arguments made in his traverse (*see* Traverse, Doc. No. 10, at 1177-80), and are therefore overruled.

### C.  Ground Four

GROUND FOUR: The trial court deprived Little of a fair trial in violation [of] the 14th Amendment to the United States Constitution [and] comparable provisions of the Ohio Constitution during the course of trial, in the way the judge answered the jury's question during deliberation it was definitely unreasonable the way he said it, and the way he violated Little's due process right to a fair trial by reducing the instructions to handwriting. During deliberation the jury asked the judge a

10

question on a written piece of paper. They asked, "how do we decide the aggravated murder, and the murder charges." Then the judge answered by writing on a piece of paper while sending it back to the jury judge "you have all the evidence, you decide." Now these facts that support my issue are true and I will also leave this thought the choice of words the judge used was unreasonable. The jury could have taken the attitude in his answer as "it isn't hard to figure out you decide." Even if that doesn't raise enough for a due process violation to a fair trial by reducing the instructions to handwriting does violate Little's right to a fair trial.

(Petition at 14-15.)

According to the R&R, Ground Four fails for several reasons. First, it is procedurally defaulted. Little properly raised this claim in an application for reopening his direct appeal in the Ninth District Court of Appeals pursuant to Ohio App. R. 26(B); however, he did not seek timely review in the Ohio Supreme Court. The Ohio Supreme Court does not entertain delayed appeals from Rule 26(B) denials, and Little can seek no further relief in the Ohio state courts. Accordingly, Little has waived Ground Four. (R&R at 1220-21.) Second, Ground Four lacks merit. (*Id*. at 1223.)

In his objections, petitioner argues that he did not commit procedural default on Ground Four because he raised it in an application to reopen his direct appeal in the Ninth District Court of Appeals and also in his discretionary appeal to the Ohio Supreme Court. (Objections at 1250.) Petitioner further claims that, to the extent this claim is procedurally defaulted, the default was caused by receiving ineffective assistance of appellate counsel, who refused to raise this claim on direct appeal even upon petitioner's request. (*Id*.) Petitioner further asserts prejudice insofar as the complained of actions misrepresented the reasonable doubt standard to the jury, thus denying him due process and rendering his trial fundamentally unfair. (*Id*. at 1253-54.)

11

Petitioner correctly notes that he raised the jury deliberation issue on direct appeal before the Ohio Supreme Court. In his memorandum in support of jurisdiction, Little alleged "ineffective assistance of appellate counsel failed to [raise] trial court committed plain error for the improper instruction given to the jury during deliberation." (Doc. No. 8-1 at 285.) Though styled an ineffective assistance of appellate counsel claim, the substance of the claim, which does not mention counsel at all, focuses only on the trial court's error in answering the jury's questions during jury deliberations. (*See id.* at 285-86.)

Whether petitioner's attempts to preserve this claim for federal habeas review succeeded is ultimately irrelevant because the R&R correctly concluded that the claim has no merit. As noted by the R&R, the trial judge's response to the jury's questions was not improper. To justify habeas relief on the basis of incorrect jury instructions, the instructions must be so infirm that they rendered the entire trial fundamentally unfair. *See Henderson v. Kibbe*, 431 U.S. 145, 97 S. Ct. 1730, 52 L. Ed. 2d 203 (1977). While Little claims that the trial judge's answer to the jury's question omitted or misstated the reasonable doubt standard, Little fails to note that the trial judge explicitly ordered the jury to consult the jury instructions, which provided the correct standard. The judge wrote: "Please refer to the jury instructions as it pertains to the charge." (Return, Doc. No. 8, at 1138; *see also* Trial Tr., *id.* at 1106 (instructing the jury on beyond a reasonable doubt standard).) Accordingly, the jury instructions were not constitutionally infirm, and Ground Four has no merit.

Little's objections relative to Ground Four are overruled.

### D.  Ground Five

GROUND FIVE: Appellate counsel failed to raise prosecutor misconduct, this issue was raised as ineffective assistance of appellate counsel. It was great reason

to raise this issue. Little filed a motion for disclosure of evidence favorable to the defendant which was filed June 18th 2009. This motion was either denied or never heard. This evidence would [have] helped Little's defense and his appellate appeal also, showing this was no aggravated murder or no murder, but if anything a lesser included offense of these charges. The prosecutor presented evidence of a McDonald's that sat inside Little car this evidence was never given in a discovery packet, this evidence should [have] followed a receipt proving the time frame eliminating aggravated murder and murder. This also violates Little's right to a fair trial according to the 14th Amendment of the United States Constitution.

(Petition at 16.)

The R&R concluded that Ground Five, which Little abandoned in his traverse, was procedurally defaulted and lacked merit. (*Id*. at 1224-25.) Petitioner offered no objections to the R&R's recommendation as to Ground Five. The Court therefore accepts the R&R's conclusion that Ground Five should be dismissed and does not address it further.

## IV. Conclusion

For the reasons set forth above, the Court overrules petitioner's objections and accepts the R&R. Little's petition for the writ of habeas corpus is denied and this case is dismissed.

**IT IS SO ORDERED**.

Dated: September 2, 2014 _____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

13