UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY LITTLE, | ) | CASE NO. 1:12-cv-145 |
| | ) | |
| PETITIONER, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | |
| TIMOTHY BRUNSMAN, | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

This matter is before the Court on petitioner's application for a certificate of appealability (Doc. No. 21 ["Appl."]), filed after the Court denied Little's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has not opposed petitioner's application. For the reasons contained herein, petitioner's application for a certificate of appealability is denied.

## I. Background

After being convicted of aggravated murder in violation of Ohio Revised Code § 2903.01(A), and other offenses, in the Lorain County, Ohio Court of Common Pleas, Little filed an appeal to the Ohio Court of Appeals for the Ninth District, which affirmed the judgment of the trial court. (*See* Doc. No. 12 (Report and Recommendation ["R&R"]) at 1196-97.[1]) Petitioner continued to seek relief through appeals, reconsideration and various other procedural means in the state court system, all to no avail. (*Id*. at 1997-99.)

---

[1] Page number references are to the page identification numbers generated by the Court's electronic filing system.

Thereafter, petitioner sought federal habeas relief pursuant to 28 U.S.C. § 2254 for alleged constitutional violations that occurred during his trial and on appeal. The Magistrate Judge thoroughly set forth the factual and procedural details of the state court proceedings in a report and recommendation that recommended Little's petition for a writ of habeas corpus be dismissed on all five grounds asserted. The petitioner filed objections to the R&R (Doc. No. 17 (Objections ["Obj."])), but the Court overruled those objections and denied the petition. (Doc. No. 19 (Memorandum Opinion and Order ["MOO"]).) Twenty-three days after the Judgment Entry dismissing the case was docketed (Doc. No. 20 (Judgment Entry ["JE"])), petitioner filed the instant application.

## II. DISCUSSION AND ANALYSIS

**A. Standard for Certificate of Appealability**

Title 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA") provides that:

> \*\*\*\*
>
> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> > **(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > **(B)** the final order in a proceeding under section 2255.
>
> **(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> **(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability ("COA") under § 2253(c)(1) in habeas petitions brought pursuant to 28 U.S.C. § 2254. *See Treesh v. Bagley*, No. 1:02 CV 462, 2007 WL 1039081, at *64 (N.D. Ohio Mar. 31, 2007) (citing *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063 (6th Cir. 1997) (*overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. E. 2d 481 (1997)). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To meet this standard, the petitioner "need not demonstrate that he will prevail on the merits; he needs only to demonstrate that the issues he seeks to appeal are deserving of further proceedings or are reasonably debatable among jurists of reason." *Kinley v. Bradshaw*, No. 3:03-cv-127, 2014 WL 4966079, at *3 (S.D. Ohio Oct. 2, 2014) (citing *Barefoot v Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3382, 77 L. Ed. 2d 1090 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy 28 U.S.C. § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Kinley*, 2014 WL 4966079, at *3 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). A similar analysis applies when the district court denies a claim on procedural grounds. In that case, "a certificate of appealability is warranted when petitioner demonstrates: (1) that jurists of reason would find it debatable whether the petition states a valid [constitutional] claim, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (citing *Slack*, 529 U.S. at 483 and *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001)). Whether an application for a COA is granted or denied,

3

the district court must indicate which grounds raised in the petition satisfy the required showing, or state why a certificate should not issue. *See* 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); Rule 11 Governing Section 2254 Cases; *Johnson v. Palmer*, No. 1:15-cv-461, 2015 WL 3447871, *4 (W.D. Mich. May 29, 2015) ("The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio,* 263 F.3d 466 (6th Cir. 2001). Rather, the district court must 'engage in a reasoned assessment of each claim' to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel,* 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)[;] *Murphy,* 263 F.3d at 467."); *Porterfield,* 258 F.3d at 487 (blanket grants or denials of a COA are error).

**B. Petitioner's Application for a Certificate of Appealability**

Petitioner's original § 2254 petition raised five grounds for relief. Petitioner seeks a certificate of appealability only with respect to grounds 1, 3 and 4 of his original petition, which are described in the application as follows:

> 1. The trial court erred by refusing to instruct the jury on self-defense depriving Little of his life and liberty by sentencing him to a life sentence, according to the Fifth Amendment to the United States Constitution.
>
> 3. The verdicts are against the sufficiency and manifest weight of the evidence and should be reversed because they violate the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I Section 10 of the State of Ohio.
>
> 4. The trial court deprived Little of a fair trial in violation of the 14th Amendment to the United States Constitution comparable provisions of the Ohio Constitution during deliberation the judge answered the jury's question in an unreasonable way.

(Appl. at 1272.)

### 1. Ground 1—Trial court's failure to instruct the jury on self defense

Ground 1 of petitioner's application asserts that the trial court's failure to give a self-defense instruction to the jury resulted in a life sentence, thereby depriving petitioner of his life and liberty under the Fifth Amendment without due process of law. (Appl. at 1273.)

In ruling on ground 1 in Little's habeas petition, the Court adopted the recommendation of the Magistrate Judge that ground 1 was procedurally defaulted because petitioner did not present his constitutional claim in state court, to which petitioner raised no objection. (MOO at 1262-63.) While not objecting to the conclusion that his constitutional argument regarding the self-defense jury instruction was procedurally defaulted, petitioner did argue cause and prejudice for the default in his objections to the R&R—that being ineffective assistance of appellate counsel.

After analyzing Little's objections in this regard, the Court concluded that Little did not demonstrate cause and prejudice for the procedural default because petitioner provided no support or context for his ineffective assistance of appellate counsel claim, and did not allege that counsel was not functioning as counsel as guaranteed by the Sixth Amendment, that counsel's performance prejudiced his defense, or that the results of the appeal would have been different had counsel presented the jury instruction argument to the state court as a constitutional claim rather than as a matter of state law. (*Id.* at 1263-65.) Accordingly, petitioner's objection was overruled and the Court denied ground 1 of plaintiff's § 2254 petition for habeas relief. (*Id.* at 1265.)

When, as in the case of ground 1, Little's habeas petition was dismissed on procedural grounds, a COA should issue when the petitioner shows that "jurists of reason would

5

find it debatable whether the petitioner states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). "[The substantial showing standard of] section 2253 mandates that *both* showings be made before the court of appeals may entertain the appeal." *Id*. at 485 (emphasis added).

"Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more readily apparent from the record and arguments. The recognition that the Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of, allows and encourages the court to first resolve procedural issues." *Id*. (internal quotation marks and citations omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 484.

In his application for a COA with respect to ground 1, petitioner does not even argue, let alone demonstrate, that jurists of reason would find it debatable whether this court was correct in denying Little's habeas petition on procedural grounds and concluding that petitioner did not demonstrate cause and prejudice. (*See* Appl. at 1273-74.) Rather, petitioner argues that "[t]he trial court deprived petitioner appellant of [his constitutional rights under the Fifth Amendment by not giving the self-defense jury instruction because] petitioner went forth with

6

evidence of an affirmative defense of self-defense. Little introduced enough evidence which proved beyond a preponderance of the evidence the presence of self-defense." (Appl. at 1273.)

Petitioner must show that jurists of reason would *both* find it debatable whether the petitioner states a valid claim of the denial of a constitutional right *and* whether the district court was correct in its procedural ruling. Both components are part of the Court's threshold inquiry under *Slack*, and because petitioner's application with respect to ground 1 can be disposed of on the procedural analysis, the Court need not consider the constitutional component. *Slack*, 529 U.S. at 484-85 (citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936) (Brandeis, J., concurring)).

In addition, petitioner has not otherwise demonstrated that an appeal with respect to ground 1 is deserving of further proceedings. Petitioner's argument in the application that he presented sufficient evidence to warrant a self-defense instruction is essentially the same argument that was presented to the Ninth District Court of Appeals. That state appellate court analyzed the elements of self-defense and evidence presented, and concluded, on state law grounds, that "Little failed to present sufficient evidence that he did not create the situation giving rise to the affray or that he had a bona fide belief that he was in imminent danger of death or great bodily harm. Consequently, the trial court did not err by refusing to instruct the jury on self-defense." (R&R at 1211 (internal quotation marks and citations omitted).) Nothing in petitioner's application supports a conclusion that this argument, now couched as a constitutional claim, is deserving of further proceedings.

Petitioner's application with respect to ground 1 is denied, and a COA will not issue for ground 1.

## 2. Ground 3—Verdicts against sufficiency and weight of the evidence

Ground 3 of petitioner's application asserts that the verdicts against him were against the "sufficiency and manifest weight of the evidence and should be reversed because they violate the [Fifth, Sixth, and Fourteenth Amendments of the United States Constitution] and [the Ohio constitution]." (Appl. at 1275.)

With respect to ground 3 of Little's habeas petition, the Magistrate Judge concluded in the R&R that ground 3 is non-cognizable as it relates to the manifest weight of the evidence. (MOO at 1266.) Little did not object to this aspect of the R&R, and the Court accepted the R&R's conclusion on that point. (MOO at 1266.)

As to the sufficiency of the evidence claim, the R&R concluded that "to the extent [ground 3] is predicated upon a challenge to the sufficiency of the evidence adduced at trial, [it] has no merit." (R&R at 1219.) Petitioner filed an objection to the R&R's recommendation as to the sufficiency of the evidence, but the Court concluded that "[p]etitioner's objections are not objections, but merely restate arguments made in his traverse (*see* Traverse, Doc. No. 10 at 1177-80), and are therefore overruled." (MOO at 1266.)

First, like his "objections" to the R&R, petitioner's application with respect to ground 3 simply restates the arguments in his traverse. (Appl. at 1275-78.) By merely reiterating previously made arguments, petitioner does nothing to demonstrate that jurists of reason would find it debatable whether the petitioner states a valid constitutional claim, and petitioner does not even argue that it is.

Further, Fed. R. Civ. P. 72(b) requires that petitioner file "specific written objections" to the R&R. In the MOO, the Court concluded that petitioner failed to make specific

objections as required by Rule 72(b), but simply recycled arguments from his traverse. (MOO at 1266.) Objections that do nothing more than state a disagreement with the R&R, "or simply summarize[] what has been presented before, [are] insufficient." *Blankenship v. Superior Controls, Inc.*, No. 13-12386, 2014 WL 4856524, at *1 (E.D. Mich. Sept. 30, 2014) (citing *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)). Only specific objections to a R&R are preserved for appeal, and a failure to file objections conforming to Rule 72(b) waives the right to appeal a district court's order. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1372 (6th Cir. 1987) (citing *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 3d 435 (1985) (other citations omitted)).

Petitioner has failed to demonstrate that jurists of reason would debate the Court's denial of ground 3 of petitioner's habeas petition, and has waived his right to appeal the Court's order in that regard. Thus, petitioner's application for a COA with respect to ground 3 is denied, and a COA will not issue.

### 3. Ground 4—Trial court's response to jury question

Ground 4 of petitioner's application asserts that the trial court's response to a question from the jury deprived petitioner of due process and a fair trial. (Appl. at 1279.) The R&R concluded that petitioner did not properly raise this claim to either the Ninth District Court of Appeals or the Ohio Supreme Court, and thus ground 4 was procedurally defaulted. (*See* MOO at 1267.) In objecting to the R&R on this issue, petitioner argued that this issue was not procedurally defaulted, and if it was, the procedural default was caused by the ineffective assistance of appellate counsel. (*Id*.)

The Court overruled Little's objections because, whether or not procedurally defaulted, ground 4 had no merit since "the trial judge's response to the jury's questions was not improper. To justify habeas relief on the basis of incorrect jury instructions, the instructions must be so infirm that they rendered the entire trial fundamentally unfair. . . . While Little claims that the trial judge's answer to the jury question omitted or misstated the reasonable doubt standard, Little fails to note that the trial judge explicitly ordered the jury to consult the jury instructions, which provided the correct standard. . . . Accordingly, the jury instructions were not constitutionally infirm, and Ground Four has no merit." (MOO at 1268.)

In his application for a COA on this issue, petitioner cites various cases in support of his argument that the trial judge's response to the jury's question deprived him of a fair trial because the trial judge misstated or omitted the reasonable doubt standard. According to plaintiff's cited legal authorities, "when considering a challenge to jury instructions on appeal the inquiry is limited to whether, taken as a whole, the instruction failed to adequately state the controlling law" (Appl. at 1279); "[the r]eviewing [c]ourt may reverse only if, viewed as a whole, the instructions were confusing, misleading and prejudicial[]" (*Id.* at 1280); "[a] particular jury instruction may not be judged in artificial isolation, but must be viewed in the context of the overall charge[]" (*Id.*); and "[a] judge may respond to a jury request for clarification by simply referring the jury to the written instructions rather than giving additional oral instructions[]" (*Id.* at 1281.)

Petitioner does not even argue that reasonable jurists would debate the Court's conclusion that ground 4 of his traverse lacked merit. But even if he did, the holdings of the cases he cites (as petitioner represents those holdings) confirm that ground 4 lacks merit. As the

Court previously ruled, in answering the jury's question, the trial judge referred the jury to the instructions as those instructions pertained to the charge in question. (MOO at 1268.) Petitioner does not take issue with the jury instructions themselves, only with the trial judge's response to a jury question. No reasonable jurist could conclude on these facts that the trial judge's response to the jury's question rendered the instructions constitutionally infirm, and the trial constitutionally unfair.

Petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to ground 4 as is required by § 2253(c), or demonstrate that this claim is otherwise deserving of further proceedings. Accordingly, petitioner's application is denied as to ground 4, and a COA will not issue.

### III. CONCLUSION

For the reasons contained herein, petitioner's application for a certificate of appealability is DENIED in its entirety.

**IT IS SO ORDERED**.

Dated: June 22, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**